# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627                                                                                              Fax: (718) 855-4696

May 6, 2020

**BY ECF**
Hon. Brian M. Cogan
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:   *Zeitlin v. Palumbo, et al.*
            Case no. 20-cv-510

Dear Judge Cogan,

     The undersigned represents Plaintiff in the matter referenced above. Pursuant to this Court's Minute Order of May 1, 2020 his letter responds to the pre-motion letters submitted on behalf of defendants Nicholas Palumbo, Natasha Palumbo, Ecommerce National, LLC d/b/a TollFreeDials.com and Sip Retail d/b/a sipretail.com ("Palumbo Defendants") (Dkt. 22) and Jon Kahen a/k/a Jon Kaen, Global Voicecom, Inc., and Global Telecommunications Services, Inc. ("Kahen Defendants") (Dkt. 23).

     Defendants operate various aspects of the illicit robocall fraud business. The Kahen Defendants appear to conduct the actual scamming of consumers, while the Palumbo Defendants appear to manage the telephone network that makes it all possible. Through their actions and equipment for years Americans have been constantly bombarded with literally billions of robocalls seeking to draw them into all manner of fraudulent schemes with lies and deceit. Call recipients are told that their social security numbers will be "frozen" if they do not cooperate with a bogus investigator who needs money to be sent in immediately, that they will be arrested for money laundering or drug dealing unless they send money, that they must provide their credit card or banking information, that their car warranties are about to expire, that they need to provide credit card information for cockeyed reasons, that there are tax liens against them, that they are going to be deported, and the list goes on. Many have been bombarded with pointless calls playing recordings in foreign languages.

     The problem has become so severe that in 2018 when the Swedish Royal Academy of Sciences called New York University professor Paul Romer to inform him that he had won the Nobel Prize in Economics, he let the call go to voicemail thinking it a robocall. He told the media "I didn't answer the phone because I've been getting so many spam calls. I just assumed it was more spam." Millions of Americans have had their children woken up with solicitations for escort services, have had their dinner hour disturbed with scam solicitations, have had their work interrupted, have been unable to keep their

THE BERKMAN LAW OFFICE, LLC                              May 6, 2020
                                                         Page 2 of 4

phones on so their families could reach them for fear of having it ring at an inopportune time, have had to put important calls on hold to answer what turns out to be spam robocalls, and have otherwise have had their lives made miserable by spam robocalls.

Defendants bear significant responsibility for this scourge. Disregarding all laws, ignoring complaints and warnings, and acting with a selfish quest for mammon regardless of the intrusive burden they place on their fellow Americans, the Defendants have deliberately facilitated billions of spam robocalls, while hiding behind false telephone numbers and spoofed caller ID's.

Plaintiff's complaint is based *inter alia* on the declarations executed under penalty of perjury of Social Security Administration Office of the Inspector General Special Agent Marcy Ralston dated January 27, 2020 and filed in *USA v. Palumbo*, 20-cv-473, Dkt. 1-3 (Ex. A), United States Postal Inspector Samuel Bracken dated January 27, 2020 and filed in *USA v. Palumbo*, 20-cv-473, Dkt. 1-2 (Ex. B), Social Security Administration Office of the Inspector General Special Agent Sean Fagan dated January 27, 2020 and filed in *USA v. Kahen*, 20-cv-474, Dkt. 4 (Ex. C), and United States Postal Inspector Ashlea Bowens dated January 27, 2020 and filed in *USA v. Kahen*, 20-cv-474, Dkt. 5 (Ex. D), the certification of Assistant United States Attorney Dara Olds, Esq. dated January 28, 2020 and filed in *USA v. Palumbo*, 20-cv-473, Dkt. 1-4 (Ex. E), as well as the allegations of the complaints filed by the United States in *USA v. Palumbo*, 20-cv-473, Dkt. 1 (Ex. F) and *USA v. Kahen*, 20-cv-474, Dkt. 1 (Ex. G), each of which is signed by two Assistant United States Attorneys. Plaintiff respectfully submits that these documents, all made by federal law enforcement agents and United States Attorneys and filed in federal court, are more than sufficient basis for Plaintiff to satisfy the pleading standard of Fed. R. Civ. P. 11(b)(3) ("the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.") This position is bolstered by the findings made by Judge Komitee in the Memorandum and Order dated March 24, 2020 in *USA v. Palumbo*, 20-cv-473, Dkt. 66 (Ex. H) which made factual findings adverse to the Palumbo Defendants which are binding on them by estoppel, and the Consent Decree so-ordered March 2, 2020 in *USA v. Kahen*, 20-cv-474, Dkt. 17 (Ex. I) in which the Kahen Defendants agreed not to dispute the allegations and stipulated to an injunction against them. Given the robust nature of the factual basis for the allegations made herein, the Palumbo Defendants' stated intention to seek sanctions under Rule 11 is not only utterly unfounded, but is, frankly, frivolous itself.

The Palumbo Defendants argue that they are not liable to Plaintiff under 47 USC § 227(b)(1)(A)(iii), which provides in relevant part that "it shall be unlawful…to make any call…using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service…or any service for which the called party is charged for the call…." *Id.* The Palumbo Defendants hang their hats on the words "make any call," arguing that whatever their precise roles in placing the calls might have been (they do not provide details), it did not qualify as "making" a call. The term "make" is not defined in the statute or any applicable regulation. The Palumbo Defendants cite *Melito v. Am. Eagle Outfitters, Inc., Melito v. Am. Eagle Outfitters, Inc.,* No. 14-cv-02440 (VEC), 2015 U.S. Dist. LEXIS 160349 (S.D.N.Y. Nov. 30, 2015), where the defendant

THE BERKMAN LAW OFFICE, LLC

May 6, 2020
Page 3 of 4

was held not to have "made" the offending text message. However, the issue in *Melito* was whether an advertiser who hired an advertising contractor to conduct an ad campaign was vicariously liable for violations of § 227 perpetrated by the advertising contractor, albeit acting on behalf of the advertiser. *Melito* held that § 227 does not impose <u>vicarious</u> liability, and allows suit only against those directly involved in "making" a call, not those on whose behalf a call is made. There was no contention in *Melito* that the advertiser had any hand in the actual call. Unlike *Melito,* in our case the contention is that Defendants were each actually involved in "making" calls. The telephonic service provided by the Palumbo Defendants was intrinsically part of such calls—literally, they connected the calls. This is a claim of joint and several liability (¶ 94), not vicarious liability. The Palumbo Defendants did not simply order an ad campaign to be conducted by someone else while they kept their hands clean like the defendants in *Melito*. The Palumbo Defendants were an integral part of the actual physical connection of the calls, and thus can be viewed as having had a hand—alongside others, to be sure—in "making" the calls.

The Palumbo Defendants next contend that Plaintiff's complaint is deficient because it does not state when Plaintiff received a robocall, how many calls he received, from which number he received calls, or what the robocalls stated, or why he believes the defendants were involved. Plaintiff contends that none of this information is required to be provided in a complaint, which need only give notice of the claim and provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This is the sort of information that can be developed during discovery. Moreover, there is no shortage of temerity on the Palumbo Defendants' part in making some of these arguments For example, given that the nature of this beast is that billions of calls are made using fake numbers and technology that deliberately masks the true origin of the calls, their demanding that Plaintiff plead the number called from for every call and the basis to believe each call involved Defendants is reminiscent of the Swiss banks that impossibly demanded death certificates before releasing assets of people killed in Auschwitz to their heirs. Surely once we conduct discovery Defendants' own records will show how many hundreds of millions or billions of calls they were involved in, how many called Plaintiff's phone or phones of other members of the proposed plaintiff class, and to what scam or scammer each call pertained. Given the astronomical number of calls Defendants were involved with, and the ubiquity of cell phone owners receiving these calls, the likelihood is high that Defendants were involved with calls received by Plaintiff.

The Palumbo Defendants, joined by the Kahen Defendants, next contend that the complaint does not specifically allege *in haec verba* that he received calls involving an Automated Telephone Dialing System ("ATDS"), or a pre-recorded voice message, or that the calls were received without his consent. Plaintiff believes that the complaint, taken as a totality in context, is clear enough that this is what is claimed. After a long series of allegations about how Defendants' fraudulent telephone schemes work, the complaint plainly alleges that Plaintiff "has received numerous robocalls" (¶ 89), that Defendants "have violated…§ 227" (which prohibits robocalls using an ATDS and recorded voice messages) (¶ 90), and that Defendants "disregarded all laws and regulations, ignored do-not-call lists, and acted with

THE BERKMAN LAW OFFICE, LLC　　　　　　　　　　May 6, 2020
　　　　　　　　　　　　　　　　　　　　　　　　Page 4 of 4

complete lawlessness" (¶ 92). However, Plaintiff acknowledges that there is room to make the complaint more explicit, and notes that under Fed. R. Civ. P. 15(a)(1)(B) Plaintiff is permitted as of right to amend the complaint at this procedural stage. Plaintiff respectfully requests that any briefing schedule for a Fed. R. Civ. P. 12(b)(6) motion as requested by Defendants include a date for the amendment of the complaint.

　　　　Plaintiff thanks the Court for its efforts in this matter and wishes the Court health and wellbeing in these difficult times.

　　　　　　　　　　　　　　　　　　　　Respectfully yours,

　　　　　　　　　　　　　　　　　　　　/s/ Robert J. Tolchin

　　　　　　　　　　　　　　　　　　　　Robert J. Tolchin

cc:　Theodor D. Bruening, Esq. (by ECF)
　　　Joseph R. Conway, Esq. (by ECF)