# EXHIBIT 3

UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DOV ZEITLIN, individually and on behalf of all others similarly situated,

                Plaintiff,

-against-

NICHOLAS PALUMBO, NATASHA PALUMBO, ECOMMERCE NATIONAL, LLC d/b/a/ Tollfreedeals.com and SIP RETAIL d/b/a sipretail.com, JON KAHEN a/k/a JON KAEN, GLOBAL VOICECOM, INC.; GLOBAL TELECOMMUNCATION SERVICES, INC. and KAT TELECOM, INC.,

                Defendants.

Case No.: 1:20-cv-00510-BMC

---

## CERTIFICATE OF SERVICE OF MOTION FOR SANCTIONS

      I certify that a true and correct copy of the attached letter was sent by first-class U.S. mail (in a properly-addressed envelope with first class postage duly paid) before 5:00 p.m. on Jaune 16, 2020 to the attorney of record for plaintiff in this action at the address as listed below:

      Robert Tolchin, Esq.
      The Berkman Law Office, LLC
      111 Livingston Street, Suite 1928
      Brooklyn, New York 11201

      The same document was also sent as a courtesy by email as attachment to Robert Tolchin at rtolchin@berkmanlaw.com on June 16, 2020.

      SIGNED on June 16, 2020.

_____
Theodor Bruening

Attorney for
Nicholas Palumbo, Natasha Palumbo,
Ecommerce National, LLC d/b/a/ Tollfreedeals.com and
Sip Retail d/b/a sipretail.com



THEODOR BRUENING
COUNSEL
P: (646) 396-6452
E: tbruening@hechtpartners.com

June 16, 2020

**VIA EMAIL**

Robert Tolchin, Esq.
The Berkman Law Office, LLC
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
rtolchin@berkmanlaw.com

Re: *Zeitlin v. Palumbo et al.* (1:20-cv-00510)

Dear Robert,

As you know, we represent defendants Nicholas and Natasha Palumbo as well as Ecommerce National, LLC, and SIP Retail, LLC (the "defendants") in the above-referenced case. On April 11, 2020, you were served with a motion for sanctions pursuant to F.R.C.P. 11(c)(2) relating to the original complaint (the "Motion"). I write pursuant to F.R.C.P. 11(c)(2) concerning the amended complaint (docket no. 28).

The amended complaint does not remedy the issues that made the original complaint sanctionable. The arguments made in the Motion apply with equal force to the amended complaint and defendants will rely on the Motion vis-à-vis the amended complaint. For the reasons stated in the Motion, the amended complaint must be withdrawn, and the case must be discontinued with prejudice immediately, at least as to the Palumbo defendants. If the complaint is withdrawn and the case is discontinued, sanctions can be avoided under F.R.C.P. 11(c)(2).

In fact, the amended complaint is at least as frivolous as the original complaint and the Motion will be amended to address the following issues:

The amended complaint admits in ¶ 65 that plaintiff is incapable of asserting any actual facts relating to when, how, and who allegedly called him. He thus has no standing to bring the lawsuit;[1] instead the amended complaint claims that discovery is needed. This fails both the standing and *Twombly* requirements. In other words, your lawsuit is an impermissible fishing expedition to see if standing exists and whether a lawsuit is even possible. "It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to

---

[1] The amended complaint also incorrectly asserts that it is "impossible" to prove standing without discovery. Plaintiff could simply state his phone number, the date and time at which he was allegedly called, and the nature of the call. Indeed, many courts require just that ("[A] TCPA plaintiff must plead the telephone number assigned to a cellular telephone service that was allegedly called in order to state a claim upon which relief can be granted…" *Strand v. Corinthian Colleges, Inc*., No. 1:13-CV-1235, 2014 WL 1515494, at *4 (W.D. Mich. 2014)).

125 Park Ave. 25th Floor, New York, NY 10017

Robert Tolchin, Esq.
June 16, 2020
Page 2

invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986), *quoting Warth v. Seldin,* 422 U.S. 490 (1975). Nor is it sufficient to assert that there is a "likelihood" that plaintiff received a call connected by defendants. "[A] plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), *as revised* (quotation marks omitted).

The amended complaint is also frivolous since it does not remedy the shortcomings of the original complaint. *See Flaherty v. Gas Research Inst.,* 31 F.3d 451, 459 (7th Cir. 1994) (sanctions under Rule 11 justified if the claims are reasserted where counsel was previously apprised by opposing counsel of case law requiring dismissal of the claim).

We urge you to withdraw the amended complaint with prejudice immediately; otherwise defendants will request sanctions.

Kind regards,

Theodor Bruening

| | |
|---|---|
| **Subject:** | Zeitlin v. Palumbo et al. |
| **Date:** | Tuesday, June 16, 2020 at 12:34:08 PM Eastern Daylight Time |
| **From:** | Theo Bruening |
| **To:** | Robert Tolchin |
| **Attachments:** | 2020-06-16 letter to R. Tolchin.pdf |

Bob: Please see attached. A hard copy is being sent to your office.

Kind regards,

Theo Bruening

OF COUNSEL
Hecht Partners LLP

125 Park Ave. 25th Floor
New York, NY 10017
E: tbruening@hechtpartners.com
P: (646) 396-6452
C: (347) 403-4722

This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this email in error, please destroy it and notify me immediately.